IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOUTH AFRICAN BUNKERING and TRADING LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABPRO PHARMA LLC, et al., <br><br> Defendants and Garnishees. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 21-866-LPS-SRF |

**REPORT AND RECOMMENDATION**

Presently before the court in this admiralty action are the following motions: (1) Plaintiff South African Bunkering and Trading Ltd.'s ("SABT") motion to strike the answer to the complaint filed by defendants Labpro Pharma LLC ("Labpro") and MSBE Ventures Inc. ("MSBE;" together with Lapbro, "Defendants") (D.I. 24); and (2) SABT's request for entry of default as to Defendants pursuant to Federal Rule of Civil Procedure 55(a) (D.I. 22). For the following reasons, I recommend that the court GRANT SABT's motion to strike and GRANT SABT's request for entry of default.

I. **BACKGROUND**

On June 17, 2021, SABT initiated this action by filing a verified complaint with a request for issuance of process of maritime attachment and garnishment. (D.I. 1) The complaint alleges that Defendants ordered a certain amount of marine fuel from SABT for the vessel M/V KONYUI and thereafter made a series of partial payments on the invoice, with an outstanding principal balance of $40,400 plus accrued late charges and interest. (*Id.* at ¶¶ 7-10) SABT filed an amended complaint on June 21, 2021. (D.I. 10) On the same day, a writ of garnishment was issued as to garnishees Bank of America N.A. and GoDaddy.com, LLC. (D.I. 11; D.I. 12)

Defendants were served with the amended complaint and other filings by way of the Texas Secretary of State on June 24, 2021. (D.I. 16; D.I. 17)

Defendants did not file responsive pleadings on or before the deadline to do so. On July 16, 2021, SABT moved for entry of default. (D.I. 22) Three days later, an individual acting on behalf of Defendants filed an answer to SABT's amended complaint. (D.I. 23) SABT promptly moved to strike Defendants' answer. (D.I. 24) Defendants opposed SABT's motion to strike in another filing made by a non-attorney individual acting on behalf of Defendants. (D.I. 25) No further filings or entries of appearance have been made in this case since July 2021.

## II.   DISCUSSION

### A. Motion to Strike

It is well-settled that a corporation must be represented by counsel and cannot be represented by an individual acting *pro se* on its behalf. *See Simbraw, Inc. v. U.S.*, 367 F.2d 373, 337-47 (3d Cir. 1966). The record before the court confirms that Defendants are not represented by counsel. Nonetheless, a representative of Defendants filed an answer to SABT's amended complaint as well as a response to SABT's motion to strike. (D.I. 23; D.I. 25) The court has the authority to strike any filings made by a non-attorney on behalf of a defendant corporation. *See Dorsey v. Black Pearl Books, Inc.*, 2006 WL 3327874, at *1 n.2 (D.N.J. Nov. 14, 2006); *Laborers' Dist. Council Const. Indus. Pension Fund v. Compliance Mgmt. Grp., Inc.*, 2005 WL 1331059, at *1 (E.D. Pa. 2005). Accordingly, I recommend that the court grant SABT's motion to strike Defendants' answer to the amended complaint. (D.I. 24)

### B. Request for Entry of Default

I further recommend that the Clerk of Court enter default against Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (D.I. 22) "When a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Defendants did not file any form of responsive pleading until after SABT filed its request for entry of default noting that the time for Defendants to respond had expired. For this reason alone, the entry of default under Rule 55(a) is appropriate. *See Securian Life Ins. Co. v. Dawson*, C.A. No. 17-1259-VAC-SRF, 2018 WL 3019107, at *2 (D. Del. June 18, 2018) (concluding that entry of default under Rule 55(a) was proper because untimely answer did not "offer an acknowledgement or explanation for the late submission[,]" and "filing an answer does not vacate the default in appearance" absent a showing of good cause under Rule 55(c)). In addition to being procedurally improper for the reasons stated at § II.A, *supra*, the answer filed by Defendants was not accompanied by a request for extension of time to file a responsive pleading or any refutation of SABT's request for entry of default indicating that the time for filing a responsive pleading expired. (D.I. 23); *see Yellow Book Sales & Distrib. Co., Inc. v. White*, 2011 WL 830520, at *3 (E.D. Pa. Mar. 10, 2011) (declining to grant relief from an entry of default under Rule 55(c) where defendant provided no reason for his late submission).

Moreover, Defendants have been on notice of the requirement for corporate defendants to retain counsel at least since being served with SABT's July 20, 2021 motion to strike, yet they have failed to retain counsel in the ensuing months. *See R.W. Sauder, Inc. v. B.F. Agricultural Acquisition, LLC*, 2015 WL 6503385, at *3 (E.D. Pa. Oct. 28, 2015) (concluding that defendant's failure to obtain replacement counsel "constitute[d] a failure to 'otherwise defend' against Plaintiff's action, for which an entry of default judgment is appropriate."). As a result, Defendants have not yet entered a proper appearance in this matter. *See Cambridge Mgmt. Grp., LLC v. Baker*, 2013 WL 1314734, at *1 n.1 (D.N.J. Mar. 28, 2013) (noting that "a proper notice

of appearance in the present action is required because artificial entities, such as limited liability companies along with corporations, may only appear in federal court through licensed counsel." (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202-03 (1993)). Because no proper responsive pleading is on the record and Defendants have not yet properly entered an appearance in this matter, entry of default for "fail[ure] to plead or otherwise defend" is warranted. Fed. R. Civ. P. 55(a).

### III. CONCLUSION

For the foregoing reasons, I recommend that the court GRANT SABT's motion to strike (D.I. 24) and GRANT SABT's request to enter default as to Defendants pursuant to Rule 55(a) (D.I. 22). A copy of this Report and Recommendation shall be mailed to Defendants at the address listed on the docket.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 31, 2022

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE