IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOUTH AFRICAN BUNKERING and TRADING LTD., <br><br> Plaintiff, <br><br> v. <br><br> LABPRO PHARMA LLC, et al., <br><br> Defendants and Garnishees. | ) ) ) ) ) ) ) Civil Action No. 21-866-LPS-SRF ) ) ) ) ) |

**REPORT AND RECOMMENDATION**

Presently before the court is plaintiff South African Bunkering and Trading Ltd.'s ("Plaintiff") motion for entry of judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(1) and request that the final judgment be subject to immediate execution pursuant to Federal Rule of Civil Procedure 62(a). (D.I. 32) I recommend that the court DENY Plaintiff's request for immediate execution on the final judgment pursuant to Rule 62(a).[1] I recommend that the court GRANT Plaintiff's motion for entry of default judgment under Rule 55(b)(1) and direct the Clerk of Court to enter default judgment in favor of Plaintiff in the amount of $68,278.93, plus interest of $11.63 *per diem* until the date of payment in full, in the following form:

WHEREAS, Plaintiff initiated this action on June 17, 2021 and filed an Amended Verified Complaint on June 21, 2021, alleging a cause of action for breach of maritime contract against defendants Labpro Pharma LLC and MSBE Ventures Inc. ("Defendants") relating to a contract between the parties in which Plaintiff agreed to supply 140 cubic meters of marine fuel

---

[1] Rule 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). Plaintiff suggests that relief from Rule 62(a) is justified, "given Defendants' default and delay[.]" (D.I. 32) Plaintiff offers no additional reasoning and cites no authority in support of its request.

for Defendants' vessel, the M/V KONYUI, at an agreed price of $860 per cubic meter due on January 26, 2021 (D.I. 10 at ¶ 7);

WHEREAS, Plaintiff served the summonses and the Amended Verified Complaint on Defendants by service on the Texas Secretary of State on June 24, 2021 (D.I. 16; D.I. 17);

WHEREAS, Defendants failed to file and serve a timely responsive pleading or motion as required under Rule 12 of the Federal Rules of Civil Procedure;

WHEREAS, Plaintiff filed a request for default in appearance pursuant to Rule 55(a) (D.I. 22),[2] and the Clerk of Court entered the default in appearance against Defendants pursuant to Rule 55(a) on February 18, 2022 (the "Entry of Default in Appearance") (D.I. 30);

WHEREAS, the Entry of Default in Appearance on Defendants was mailed to Defendants on February 18, 2022 (D.I. 31);

WHEREAS, on March 10, 2022, Plaintiff filed a motion for entry of default judgment pursuant to Rule 55(b)(1) (D.I. 32);

WHEREAS, Federal Rule of Civil Procedure 55(b)(1) authorizes the entry of default judgment by the Clerk of Court for a sum certain[3] after the Clerk of Court enters default under

---

[2] Three days after Plaintiff moved for the entry of default under Rule 55(a), an individual acting on behalf of Defendants filed an answer to the Amended Verified Complaint. (D.I. 23) For the reasons set forth in the January 31, 2022 Report and Recommendation, the answer was stricken. (D.I. 27 at 2)

[3] "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). To satisfy the certainty requirements for the amount of the default judgment under Rule 55(b)(1), a plaintiff must do more than simply request a specific amount. *See Liberty Bell Equip. Corp. v. Coastal Tool Supply, LLC*, 2018 WL 5885455, at *1 (E.D. Pa. Nov. 9, 2018); *see also* 10A Charles Alan Wright et al., Federal Practice and Procedure § 2683 (4th ed.). Rather, the plaintiff must demonstrate "that the amount requested is reasonable under the circumstances." *Holliday v. Cabreara & Assocs., P.C.*, 2007 WL 30291, at *1 (E.D. Pa. Jan. 4, 2007). The amount of the default judgment requested by Plaintiff is a sum certain based on the documentation of the transaction between the parties, which is attached as Exhibits A to D to the Affidavit of Jon Hughes. (D.I. 34, Exs. A-D) Because the amount of the judgment is a liquidated sum agreed upon by the parties, no

Rule 55(a) (Fed. R. Civ. P. 55; *see also J & J Sports Prod., Inc. v. Kim*, C.A. No. 14-1170-LPS, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016));

THEREFORE, IT IS ORDERED that Plaintiff's Rule 55(b)(1) motion for entry of default judgment is GRANTED. The Clerk of Court is instructed to enter default judgment in favor of Plaintiff and against Defendants, jointly and severally, for damages in the amount of $68,278.93, plus interest of $11.63 *per diem* until the date of payment in full. Upon the entry of the default judgment by the Clerk of Court under Rule 55(b)(1), Plaintiff shall serve a copy of the default judgment on Defendants by mailing a copy to: (1) the last known addresses for Defendants and (2) Defendants' registered agent, and shall file proofs of service regarding same.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to three (3) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: March 28, 2022

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

---

evidentiary hearing or testimony is required to determine the amount of the judgment. *See* 46 Am. Jur. 2d Judgments § 288 ("[T]he requirement of a hearing on damages is subject to an exception when the amount claimed is a liquidated sum or one capable of mathematical calculation.").